Filed 2/22/16  P. v. Green CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RICHARD DEWAYNE GREEN, <br><br> Defendant and Appellant. | F070708 <br><br> (Kern Super. Ct. No. SC069859A) <br><br><br> **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Kane, Acting P.J., Poochigian, J. and Franson, J.

## INTRODUCTION

Appellant/defendant Richard Dewayne Green's petition for recall of his third strike sentence was denied. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On March 5, 1997, a deputy saw defendant and knew he was wanted on an outstanding bench warrant. The deputy arrested defendant and searched him. Defendant was in possession of a bindle which contained five off-white rocks, later determined to be 0.35 grams of methamphetamine.

On July 3, 1997, defendant pleaded no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and admitted two prior strike convictions. He entered his plea on condition that the sentencing court would consider dismissing his prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). Defendant's two prior strike convictions were both for violations of Penal Code section 288, committed in 1975 and 1980.

On September 4, 1997, defendant was sentenced to the third strike term of 25 years to life.

### Petition for recall

On August 11, 2014, defendant filed a petition for recall of his third strike sentence pursuant to Penal Code section 1170.126 (Proposition 36), and asserted he met the criteria because he was not convicted of a serious or violent felony, and he was not statutorily excluded from relief.

On August 21, 2014, the People filed opposition and argued defendant was ineligible for relief because his two prior strike convictions were for violations of Penal Code section 288.

2.

On December 4, 2014, the court held a hearing on the petition. The prosecutor argued that defendant was ineligible for relief because his prior convictions were for either sexually violent offenses and/or lewd and lascivious acts upon a child under the age of 14 years. The court found defendant was ineligible for resentencing and denied his petition.

On December 26, 2014, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on March 18, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed